BILL REYNOLDS et al. v. STATE.

No. A-4851. Opinion Filed March 25, 1925.
(234 Pac. 656.)

(Syllabus.)

1. **Appeal and Error—If Evidence Justifies Conviction, Verdict not Disturbed.** Where evidence is sufficient, if believed by the jury, to justify a conviction, the verdict will not be disturbed.

2. **Intoxicating Liquors—Unlawful Transportation—Evidence Sufficient.** In a prosecution for transporting intoxicating liquor, evidence held to sustain a conviction.

Appeal from County Court, McCurtain County; T. G. Carr, Judge.

Bill Reynolds, Monroe Van Winkle, and William Boss were convicted of unlawfully transporting intoxicating liquor, and they appeal. Affirmed.

H. P. Hosey, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that the defendants, Bill Reynolds, Monroe Van Winkle, and William Boss, on or about the 5th day of April, 1923,

unlawfully transported about one-half gallon of whisky from Broken Bow, to another point in McCurtain county near Coal Springs. The jury returned verdict finding each defendant guilty as charged in the information and fixing the punishment of each at confinement in the county jail for 30 days and a fine of $50. From the judgments rendered on the verdict they appeal, and assign as error that the verdicts are contrary to law because they are not sustained by sufficient evidence.

The testimony of four witnesses for the state supports the allegations of the information. Lon Miller, deputy sheriff, testified that he first saw the defendants at Broken Bow, about 3 o'clock Sunday afternoon; all three were in a single-seated Ford roadster car; that with two other officers he tried to stop them in Broken Bow, and they sped away, and the officers followed them in a car on the Idabel road and overtook them a mile south of Holly creek; that the defendant Bill Reynolds poured whisky out after the defendant's car stopped. John Sage, Bill Calfee, and Paul Thorn testified in substance to the same facts as did the witness Miller.

Plaintiffs in error all testified as witnesses and denied having any whisky in the car, and denied that any one in their car poured any whisky out.

It is the province of the jury in a criminal case to try the issue joined by a plea of not guilty, and, if the evidence of the state uncontradicted will support a conviction, this court will not ordinarily interfere with the verdict against the defendant. The jury's function is to determine on which side of the controversy the truth lies, where testimony as to material facts is in direct conflict and irreconcilable.

We are of opinion that under the evidence in this case the jury were fully warranted in finding all of the

defendants guilty in manner and form as charged in the information.

No reversible error having been shown, the judgment of the lower court will be affirmed.

BESSEY, P. J., concurs.

EDWARDS, J., absent.